## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHELE H., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00293-JAW |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred by failing to account fully for her severe mental impairment and moderate mental limitations when assessing her residual functional capacity (RFC).  *See* Plaintiff's Brief (ECF No. 15).[1]  I discern no error and recommend that the Court affirm the Commissioner's decision.

## I.  Background

The Plaintiff filed a claim for benefits in October 2021.  *See* Record at 14.  After her claim was denied at the initial and reconsideration levels, the Plaintiff requested a hearing before an ALJ.  *See id.*  That hearing took place in April 2024, following which the ALJ issued a written decision finding that the Plaintiff had the severe impairments of bilateral knee degenerative joint disease, fibromyalgia, and

---

[1] The Plaintiff raised a second challenge in her briefing relating to fibromyalgia but subsequently withdrew that challenge at oral argument.

persistent depressive disorder.  *See id.* at 14, 17.  Considering those impairments, the ALJ found that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with various additional limitations, including that she could perform more than simple but less than complex, moderately detailed tasks in a normal work schedule and could adapt to routine changes.  *See id.* at 20.  The ALJ ultimately found that the Plaintiff could perform jobs existing in significant numbers in the national economy with such an RFC and was, therefore, not disabled.  *See id.* at 24-26.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 416.1481.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive

2

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff's arguments relate to the interplay between the ALJ's findings at Steps 2 and 3 and his subsequent RFC assessment. I begin by sketching out the applicable regulatory framework.

At Step 2 of the sequential evaluation process, an ALJ considers "the medical severity" of a claimant's impairments. 20 C.F.R. § 416.920(a)(4)(ii). A mental impairment is severe if it "significantly limits" a claimant's "mental ability to do basic work activities," *id.* §§ 416.920(c), 416.922(a), such as, "[u]understanding, carrying out, and remembering simple instructions; . . . [u]se of judgment; . . . [r]esponding appropriately to supervision, co-workers and usual work situations; and . . . [d]ealing with changes in a routine work setting," *id.* § 416.922(b)(3)-(6).

When evaluating the severity of a mental impairment at Steps 2 and 3, the ALJ must also consider the claimant's degree of limitation under the so-called Paragraph B criteria consisting of four broad categories of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. *See id.* § 416.920a(b), (c). In doing so, the ALJ uses a five-point scale—none, mild, moderate, marked, or extreme—to rate the degree of limitation. *See id.* § 416.920a(c)(4).

The "limitations identified" at Steps 2 and 3 "are not an RFC assessment but are used to rate the severity of mental impairment(s)." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories" of mental functioning. *Id.*

Here, the Plaintiff challenges the ALJ's RFC assessment on the basis that it "is completely contradictory with his own mental severity and" Paragraph B findings. Plaintiff's Brief at 7. She argues that, after finding that she had a severe mental impairment and was moderately limited in concentration, persistence, and pace, the ALJ was obligated to—but did not—include "significant" corresponding limitations in the RFC on her basic work "abilities to understand, carry out and remember simple instructions, make work-related decisions, or use judgment." *Id.* at 6-7 (citing 20 C.F.R. § 416.922(b)) (emphasis omitted). She further argues that the ALJ was "required" to limit her "capacity to perform simple work" but instead found her capable of performing more than simple work. *Id.*

This Court and others have rejected the idea that an ALJ is required to include any particular limitations in a claimant's RFC as a result of earlier findings that the claimant's mental impairment is severe and results in moderate limitations in concentration, persistence, and pace. *See Abdi v. Astrue*, No. 2:10-cv-89-GZS, 2010 WL 5452125, at *4-6 (D. Me. Dec. 28, 2010) (rec. dec.), *aff'd*, 2011 WL 240100 (D. Me. Jan. 24, 2011); *Hayes v. Astrue*, No. 2:10-cv-42-DBH, 2010 WL 5348757, at *3 (D. Me. Dec. 20, 2010) (rec. dec.), *aff'd*, 2011 WL 148583 (D. Me. Jan. 18, 2011);

4

*see also Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) ("[N]o incantations are required at steps four and five simply because a particular finding has been made at steps two and three.  Those portions of the disability analysis serve distinct purposes and may be expressed in different ways."); *Sandra J. B. v. Kijakazi*, No. 1:21-CV-00038-BU, 2022 WL 2919491, at *4 (N.D. Tex. July 1, 2022) (rec. dec.) ("To the extent Plaintiff argues . . . that 20 C.F.R. § 416.922(b) provides an exhaustive list of basic work activities, it does not. . . . Plaintiff provides no authority requiring an ALJ, upon finding a severe mental impairment at step two, to adopt limitations specifically tailored to one of the non-exclusive basic work activities illustrated in Section 416.922(b)."), *aff'd*, 2022 WL 2918103 (N.D. Tex. July 25, 2022); *Thomas L. v. O'Malley*, No. 24-00195-WES, 2024 WL 4948805, at *7 (D.R.I. Dec. 3, 2024) (rec. dec.) ("The moderate limitations the ALJ found simply do not translate into any specific RFC restriction or require a finding of disability."), *aff'd*, ECF No. 14 (D.R.I. Jan. 27, 2025).  Accordingly, I reject the Plaintiff's argument that the challenged aspects of the ALJ's decision constitute intrinsic legal error.

To the extent the Plaintiff challenges the sufficiency of the ALJ's explanation of how he accounted for her mental impairment and limitations in the RFC, that argument also fails.  The ALJ acknowledged the proper regulatory framework in his decision, *see* Record at 15-16, discussed the Paragraph B criteria in detail, *see id.* at 18-19, indicated that his RFC assessment accounted for the degree of limitation he found at Steps 2 and 3, *see id.* at 20, discussed and evaluated the Plaintiff's mental symptoms in his RFC assessment, *see id.* at 20-24, and explained his reliance on two

medical experts who opined that the Plaintiff had severe depression and moderate limitations in concentration, persistence, and pace but nevertheless retained the ability to perform more than simple, detailed but not complex work, *see id.* at 23-24, 127, 137-38.[2]  No more was required to satisfy the regulatory requirements.[3]  *See Rosemary F. v. Bisignano*, No. 2:25-cv-00021-SDN, 2026 WL 295670, at *3 (D. Me. Feb. 4, 2026) (rec. dec.), *aff'd*, 2026 WL 579431 (D. Me. Mar. 2, 2026); *cf. Tilton v. Colvin*, No. 2:13-cv-96-GZS, 2014 WL 294477, at *5-7 (D. Me. Jan. 27, 2014) (holding that an ALJ's explanation of how she translated "a moderate limitation in concentration, persistence, or pace into the RFC" was sufficient, particularly where she relied on medical experts who opined that the "moderate difficulties in concentration, persistence, or pace" did not preclude the claimant's "performance of a job with the limitations set forth in the RFC"); *Maldonado v. Berryhill*, 18-11255-ADB, 2019 WL 4921538, at *29 (D. Mass. Sept. 4, 2019) (rec. dec.) ("[T]he ALJ adequately accounted for plaintiff's moderate difficulties in concentration, persistence, and pace by relying on the opinions of the consultative examiners and

---

[2] Specifically, the two agency nonexamining experts on whom the ALJ relied opined as follows: "Given consideration of the impairment related [symptoms], [the Plaintiff] is able to understand, remember, and carry out detailed, but not complex, task instructions.  She can make work related decisions.  In the context of detailed task demands, she is able to sustain attention for extended periods and maintain a consistent pace to complete end of day work task goals.  Due to [symptoms], such skills would wane in the face of complex tasks; thus, limiting her to detailed.  She can accept instruction and criticism from supervisors and is able to interact appropriately w[ith] co-workers in a typical work setting.  She retains the ability to respond appropriately to occasional, but not frequent, changes in a work setting."  Record at 128, 138.

[3] The Plaintiff's citation to *K.L.J. v. Commissioner, Social Security Administration*, 809 F. Supp. 3d 1301 (D. Colo. 2025), *see* ECF No. 20, does not change my conclusion.  To the extent that the court in *K.L.J.* required a more detailed explanation of how the RFC accounted for moderate limitations than was offered by the ALJ in this case, such a requirement is not imposed by the regulations and is inconsistent with the caselaw from this Court and other courts in the First Circuit.

other medical sources who translated those limitations into specific, work-related abilities."), *aff'd*, 2019 WL 4686705 (D. Mass. Sept. 26, 2019).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: June 24, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge